IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENATA MABON, ) | |
| ) | |
| Plaintiff, ) | NO. 01C 9314 |
| ) | |
| v. ) | |
| ) | |
| CAREPLUS MANAGEMENT, INC. ) | PLAINTIFF DEMANDS |
| ) | JUDGE COAR |
| and JACOB BAKST ) | TRIAL BY JURY |
| ) | MAGISTRATE JUDGE |
| Defendants. ) | GERALDINE SOAT BROWN |

**COMPLAINT**

Now comes Plaintiff, RENATA MABON, by and through her attorney, RICHARD J. GONZALEZ, Chicago-Kent College of Law, and complaining of Defendants, CAREPLUS MANAGEMENT, INC. and JACOB BAKST, states as follows:

**Nature of Action, Jurisdiction and Venue**

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to the Plaintiff by virtue of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981A, and for tortious assault and battery.

2. Jurisdiction of this Court is invoked pursuant to the provisions of 42 U.S.C. § 2000e-5, and 28 U.S.C. §1331, and this Court's pendant jurisdiction.

3. Venue is proper by virtue of 28 U.S.C. § 1391(b).

4. Plaintiff has met all administrative prerequisites to suit in that she filed a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission on

April 25, 2001, obtained a Right-to Sue letter on December 5, 2001, (which is attached hereto) and brings this action within the limitations period of 42 U.S.C. § 2000 (e) et seq.

## PARTIES

5. Renata Mabon ("Plaintiff") is a female citizen and resident of the United States. From August, 1990, to February, 2001, Plaintiff was an employee of Defendant Careplus Management, Inc.

6. Defendant, Careplus Management, Inc. ("Careplus"), upon information and belief, is and was at all relevant times a duly registered corporation doing business within the state of Illinois and an employer within the definition of 42 U.S.C. § 2000 (e) et seq. Defendant is a corporation in the business of providing health care services.

7. Defendant, Jakob Bakst ("Bakst"), is the Chief Executive Officer of Careplus and was at all relevant times a supervisor of Plaintiff.

## COUNT I

### Unlawful Sexual Harassment Under Title VII Against Defendant Careplus

8. Plaintiff commenced employment with Defendant Careplus as a skilled care nurse.

9. Plaintiff received promotions to MDS Care Plan Coordinator, Programs Coordinator, and Assistant Administrator at various times between August, 1990 and August, 1998.

10. Plaintiff received a promotion to Administrator in August, 1998, a position that required her to supervise approximately 145 employees.

11. Starting on or about August 1, 1990, and continuing until Plaintiff's termination in February, 2001, Jacob Bakst ("Bakst"), CEO of Careplus and supervisor of Plaintiff, sexually harassed Plaintiff.

2

12. Plaintiff was subjected to requests for sexual relations, physical sexual advances, suggestive sexual comments, and degrading and derogatory remarks, which were unwelcome and offensive.

13. In September, 2000, Bakst approached Plaintiff from behind, grabbed Plaintiff's breasts, pulled her body to his and rubbed his crotch against Plaintiff's buttocks, contrary to Plaintiff's expressed protests.

14. Starting in 1997 and continuing until Plaintiff's termination in February, 2001, Jo Ann Brew ("Brew"), Regional Manager of Administrators, observed Bakst making sexual comments and advances to Plaintiff, observed Bakst touching Plaintiff in a sexual way, observed Bakst's requests for sexual favors from Plaintiff, and observed Plaintiff's expressed protests against these behaviors. At all relevant times between 1997 and February, 2001, Brew was in a supervisory position to Plaintiff.

15. On more than one occasion between 1997 and Plaintiff's termination in 2001, Brew remarked to Plaintiff, after observing Bakst's physical and sexual contacts with Plaintiff, that Plaintiff would have to "put up" with these contacts and that Bakst had made such sexual contacts with Brew, as well.

16. On one occasion in September, 2000, Bakst stopped Plaintiff and Brew outside of the men's bathroom. Bakst told Brew to leave and asked Plaintiff to go into the men's bathroom with him and "fuck and suck him" on the floor for money, saying that "everyone has their price." Plaintiff replied "Hell, no" to Bakst, or words to that effect.

17. On one occasion in October, 2000, Plaintiff and Marketing Coordinator Magbool Rashid were in a meeting with Bakst. Bakst requested that Rashid leave the office. Bakst then closed

3

the blinds and the door, pushed Plaintiff onto the desk and told Plaintiff that her "problem" was that she was not "getting fucked." Plaintiff struggled free but not before Bakst attempted to grab her breasts.

18. Bakst made comments to Plaintiff on numerous occasions that Plaintiff needed a "good fuck."

19. In December, 2000, Rashid, a supervisee of Plaintiff, walked into an office and discovered Bakst in physical contact and simulated sexual activity with a young, female employee whom Bakst was holding bent over a table.

20. On the night after Rashid interrupted Bakst's sexual activity with a young female employee, Bakst called Rashid and warned Rashid to "knock before entering offices."

21. Rashid subsequently advised Plaintiff of what had occurred and expressed his concern that his employment might be adversely affected by having discovered Bakst involved in sexual activity at the office.

22. On or about February 20, 2001, Plaintiff attempted to retrieve her purse from a chair in which Bakst was sitting, and in so doing inadvertently touched Bakst with her purse in his pelvic area. Bakst stated words to the effect that "That felt good, but you have to be careful with me, I'm an old man."

23. The aforementioned facts had the effect of creating a hostile work environment for Plaintiff, due to Bakst's persistent sexual harassment. Much of the hostile work environment was open and notorious and included such things as inappropriate touching, assault, battery, and threats of sexual assault.

24. The aforementioned facts constitute "Quid pro quo" sexual harassment of Plaintiff, in that Bakst altered the terms and conditions of employment based upon Plaintiff's disapproval and rejection of his sexual remarks and sexual assaults.

25. On or about February 19, 2001, Plaintiff was demoted from an administrator to a nurse and thereby constructively discharged.

26. Plaintiff's demotion included a loss of all employee benefits, such as medical insurance, and an approximate 67% salary cut.

27. In doing so, Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

28. Because of Defendant's sexually harassing behavior, Plaintiff has been forced to retain an attorney to protect her rights, thereby incurring attorney's fees and other costs associated with legal action.

## DAMAGES

29. As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**WHEREFORE,** Plaintiff prays this Court:

A. Enter an order finding that Defendant Careplus discriminated against Plaintiff on the basis of sex in violation of Title VII;

B. Reinstating Plaintiff into the position of Administrator;

C. Award Plaintiff damages for lost wages and employment benefits that she would have received but for the discriminatory acts and practices of Defendant;

D. Award Plaintiff compensatory and punitive damages in an appropriate amount;

E. Award reasonable attorney's fees and costs incurred in this action;

F. Order Defendant to cease and desist from discriminating against its employees on the basis of sex; and

G. Award such other relief that this Court deems is just and appropriate.

## COUNT II

### Unlawful Retaliation Under Title VII Against Defendant Careplus.

30. Plaintiff repeats and realleges paragraphs 1-28 herein and incorporates same by reference as though fully set out herein.

31. Defendant Careplus intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about sexual harassment. Immediately following the incident in September, 2000, at which Bakst asked Plaintiff to "fuck and suck" him on the men's room floor, Plaintiff had a luncheon meeting with Brew, at which time she described the above incident to Brew.

32. At this luncheon meeting, Brew advised Plaintiff to "start writing everything down." Brew told Plaintiff that she would report Bakst's behavior to Sherwin Ray, President of the Corporation and Jamie O'Brien, Director of Operations.

33. Upon information and belief, following Plaintiff's verbal report to Brew at this luncheon, Brew called Bakst to discuss the incident.

6

34. Upon information and belief, Bakst denied the incident and told Brew that Plaintiff should tell Bakst that his sexual contacts were unwelcome and that he, Bakst, had done nothing wrong.

35. After the meeting, Careplus made no attempt to change Bakst's behavior. Bakst remained in a supervisory position over Plaintiff.

36. On or about January 3, 2001, in front of members of Plaintiff's staff and patients, Bakst cupped Plaintiff's face with his hands and attempted to kiss Plaintiff on the mouth, saying, "She's so sweet." or words to that effect.

37. On or about January 3, 2001, Plaintiff reported the incident to Ray. Ray asked Plaintiff what she "was after" or words to that effect. Plaintiff replied that she just wanted Bakst to stop harassing her.

38. On or about January 5, 2001, Plaintiff had a meeting with O'Brien and Ray. O'Brien and Ray said they trusted Bakst's judgment. Despite consistently good evaluations of Plaintiff's job performance, O'Brien said that Plaintiff had an attitude problem and that O'Brien was ready to play "hardball."

39. On or about January 8, 2001, Plaintiff attended a meeting with Ray, O'Brien, Bakst and Plaintiff's sister, who also was an employee of Defendant Careplus. Plaintiff was asked to repeat the allegations against Bakst. Bakst responded to Plaintiff's complaints first by saying he was "teasing" and then said that Plaintiff "wanted it." The meeting produced no action on the part of the company to deal with the serious complaints made by Plaintiff.

40. After the meeting on January 8, 2001, Bakst did not return to the Countryside facility for approximately one week. When he did return, Bakst told Plaintiff that he was the reason for her

7

success with Careplus and that she should watch her attitude. These threatening remarks were made in front of Rashid and Brew.

41. On February 19, 2001, a little over a month after Plaintiff made Ray and O'Brien aware of the harassment by Bakst, Ray told Plaintiff that she was demoted to Care Plan Coordinator, a position similar to the one that she had held about ten years ago. Ray told Plaintiff that she would be transferred to another facility (but still under the supervision of Bakst), that she no longer had any benefits, including health insurance, and that her pay would be cut by approximately 67%. Ray kissed his first two fingers and told Plaintiff, "Goodbye."

42. Despite being devastated by this news, Plaintiff finished the task that she was working on and helped to make the transition for her replacement as smooth as possible.

43. On or about February 20, 2001, Plaintiff was told that once she transferred to the new facility, she would continue to be responsible for work at Countryside. Plaintiff was expected to continue her work at Countryside as well as the work at her new job. In effect, Plaintiff was expected to do more work for approximately 1/3 of her former pay and no benefits.

44. On or about February 20, 2001, Bakst reminded Plaintiff she would have no health insurance. Bakst then made a joke about her sick son and their lack of health insurance.

45. Defendant has engaged in a practice of retaliating and condoning retaliation against Plaintiff after she complained of sexual harassment.

46. By engaging and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

47. In so doing, Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

## DAMAGES

48. As a proximate result of the foregoing facts, Plaintiff has suffered a loss of the value of lost wages and benefits, incidental damages, pain and suffering in the form of emotional distress, humiliation, degradation, inconvenience, future pecuniary losses and has caused her to retain an attorney to protect her legal rights.

**WHEREFORE,** Plaintiff respectfully requests:

A. Enter an order finding that the Defendant unlawfully retaliated against Plaintiff, in violation of Title VII;

B. Reinstating Plaintiff into the position of Administrator;

C. Award Plaintiff damages for loss of salary, including unpaid wages, and employment benefits that she would have received but for the retaliatory actions by Defendant;

D. Award Plaintiff compensatory and punitive damages in an appropriate amount;

E. Award reasonable attorney's fees and costs incurred in this action;

F. Order Defendant to cease and desist from unlawfully retaliating against its employees; and

G. Award such other relief as this Court deems just and appropriate.

## COUNT III

## STATE LAW SUPPLEMENTAL CLAIM

### Assault and Battery Against Both Defendants

49. Plaintiff restates and realleges by reference paragraphs 1 through 47 above as though fully set forth herein.

9

50. On numerous occasions between August, 1990, and February, 2001, at Careplus' Countryside facility, Bakst approached Plaintiff, made lewd and vulgar comments about Plaintiff's body and stated to Plaintiff his intention to touch or molest those parts. Bakst then placed himself in a position where he was alone with Plaintiff, and she would be unable to escape his advances.

51. Bakst thereby intentionally and unlawfully threatened offensive contact to the person of Plaintiff, which, under the circumstances, created in Plaintiff a well-founded fear of imminent peril. Bakst had the apparent present ability to effectuate and complete the injury so offered and threatened.

52. On numerous occasions, as Plaintiff was trying to avoid or escape from Bakst, as alleged above, Bakst touched, grabbed, groped and fondled, in a rude, violent, vulgar manner, Plaintiff's breasts and buttocks.

53. Bakst's touching, groping, and assault and battery of Plaintiff were performed without her consent and against her will, and resulted in harmful and/or offensive contact to Plaintiff.

54. At all relevant times to this action, Bakst knew or reasonably should have known that his conduct was harmful and/or offensive to Plaintiff. Bakst's actions were willful and intentional and were taken with wanton disregard of Plaintiff's well-being.

55. Careplus was negligent in its supervision of Bakst. Careplus had a duty to Plaintiff to protect Plaintiff from assault and battery and sexual harassment by Careplus employees.

56. Careplus had reason to know that Bakst was committing assault and battery and sexually harassing Plaintiff. Plaintiff complained of Bakst's conduct in September, 2000, and January, 2001.

57. Once Careplus was made aware of Bakst's conduct, Careplus had a duty to protect Plaintiff from said conduct. Careplus breached its duty to Plaintiff by taking no action to stop the unlawful conduct.

58. Careplus' lack of supervision of Bakst allowed him to continue harassing Plaintiff, including commission of numerous assaults and batteries.

59. As a direct and proximate result of Bakst's unlawful acts, Plaintiff has suffered severe physical and emotional damages resulting in anxiety, humiliation, emotional and physical distress.

60. At all relevant times, Bakst was an agent of Defendant Careplus and was acting within the scope of his authority such that Defendant Careplus is vicariously liable for Bakst's unlawful conduct.

## DAMAGES

61. As a proximate result of the foregoing facts, Plaintiff has suffered assaults and batteries, causing Plaintiff pain and suffering in the form of emotional distress, humiliation, and degradation, which have caused her to retain an attorney to protect her legal rights.

**WHEREFORE,** Plaintiff respectfully requests:

A. An order be entered that Defendants committed assault and battery against Plaintiff;

B. Award Plaintiff compensatory damages for the injuries that she has sustained, including Plaintiff's humiliation, degradation and disgrace;

C. Award Plaintiff punitive damages as allowed by law;

D.  An award of reasonable attorney's fees, costs, and litigation expenses inasmuch as this count arises from a common nucleus of operative facts as Plaintiff's Title VII counts; and

E.  Such other relief as the Court may deem just or equitable.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted:

/s/ Richard J. Gonzalez

Richard J. Gonzalez
Chicago-Kent Law Offices
565 West Adams Street
Suite 600
Chicago, Illinois 60661
(312) 906-5079

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(Issued on request)*

| To: Renata Mabon<br>23445 S WESTERN AVE<br>PARK FOREST, IL 60466 | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>Chicago District Office<br>500 W. Madison Street Suite 2800<br>Chicago, IL 60661-2511 |
|---|---|
| ☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 21BA11763 | Nola Smith, S&L Coord. | (312) 886-5973 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**
**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

John P. Rowe, District Director     30 November 2001
                                    *(Date)*

Enclosure(s)

cc: CARE PLUS MANAGEMENT
    5940 W TOUHY AVE
    NILES, IL 60714

EEOC FORM 161-B (Rev 01/97)                                              **CHARGING PARTY COPY**

JS 44
(Rev. 11/95) Cat X

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Renata Mabon

## DEFENDANTS
Careplus Management, Inc.
and
Jacob Bakst

01C 9314

JUDGE COAR

DOCKETED
DEC 06 2001

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Will**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard J. Gonzalez
IIT Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661   312.906.5079

ATTORNEYS (IF KNOWN)
Kenneth A. Henry
120 West Madison, Suite 600
Chicago, Illinois 60602-4106
312.857.0100

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is an action for damages and equitable relief to redress the deprivation of rights secured to the Plaintiff by virtue of Title VII of the Civil Rights Act of 1964, 42 USC sec. 2000e et seq., as amended by the Civil Rights Act of 1991, 42 USC sec. 1981A.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 12/5/01
SIGNATURE OF ATTORNEY OF RECORD /s/ Richard J. Gonzalez

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In the Matter of

**DOCKETED**
DEC 0 6 2001

Case Number: **01C 9314**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: JUDGE COAR

Plaintiff Renata Mabon

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Richard J. Gonzalez | NAME |
| FIRM: IIT Chicago-Kent College of Law | FIRM |
| STREET ADDRESS: 565 West Adams Street, Suite 600 | STREET ADDRESS |
| CITY/STATE/ZIP: Chicago, Illinois 60661 | CITY/STATE/ZIP |
| TELEPHONE NUMBER: 312.906.5079 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER: 3121751 | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.